should not be taken away "though her conduct be flagrant"—meaning that her conduct was unchaste. We think the governing rule is as stated in *Forrest v. Forrest,* 3 Bosw. (N. Y.) 661, where the court said:

"Whatever duty the plaintiff, after her divorce, owed to the community in which she lived to lead a pure and virtuous life, she owed no duty to the defendant other or greater than she owed to any other member of that community. By her marriage and subsequent divorce, she acquired a right to her suitable allowance, and * * * her subsequent misconduct, if she was guilty, would not, I think, have forfeited it, and for the obvious reason that she would not have violated any right of her late husband, however much she outraged the moral sense of the community."

To hold otherwise might tempt a divorced woman to stray from virtue's path. *Stanfield v. Stanfield,* 22 Okla. 574; *Cross v. Cross,* 63 N. H. 444.

The decree appealed from is reversed.

*Reversed.*

---

**John Chylewski, Defendant in Error, v. City of Chicago, Plaintiff in Error.**

**Gen. No. 23,529.   (Not to be reported in full.)**

Error to the Circuit Court of Cook county; the Hon. JOHN GIB-BONS, Judge, presiding. Heard in this court at the March term, 1918. Reversed and remanded with directions. Opinion filed June 10, 1918.

### Statement of the Case.

Petition of mandamus by John Chylewski, petitioner, against City of Chicago, respondent, to compel respondent to restore petitioner to a position in the police department of the City of Chicago as patrolman.

From a judgment in petitioner's favor, respondent brings error.

Samuel A. Ettelson, for plaintiff in error; Roy S. Gaskill, of counsel.

No appearance for defendant in error.

Mr. Justice Dever delivered the opinion of the court.

### Abstract of the Decision.

1. Evidence, § 10*—*what not judicially noticed.* Courts will not take judicial notice of the provisions of municipal ordinances, and the duty is imposed upon persons relying on such ordinances to allege and prove them.

2. Civil service, § 28*—*when patrolman guilty of laches in seeking reinstatement.* One seeking reinstatement by mandamus to the office of police patrolman from which he has been discharged is guilty of laches where he delays seeking relief for more than 5 years.

--------

## Adam Guthorle, Appellee, v. Chicago Railways Company and Chicago City Railway Company, Appellants.

### Gen. No. 23,794.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. John J. Sullivan, Judge, presiding. Heard in this court at the October term, 1917. Reversed and remanded. Opinion filed June 10, 1918. Rehearing denied June 24, 1918.

### Statement of the Case.

Action by Adam Guthorle, plaintiff, against Chicago Railways Company, Chicago City Railway Company

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.